UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD TREVINO, | CV F 03 6738 OWW SMS HC |
| Petitioner, | ORDER GRANTING PETITIONER'S MOTION TO STAY THE PETITION |
| v. | |
| | [Doc. #15] |
| KATHY MENDOZA-POWERS, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On December 3, 2003, Petitioner filed a petition for writ of habeas corpus in this Court. On February 4, 2004, Petitioner filed a first amended petition. On April 12, 2004, Respondent filed an answer to the petition. On May 20, 2004, Petitioner filed a traverse to Respondent's answer.

On March 15, 2005, Petitioner filed a motion to stay the proceedings.

**DISCUSSION**

A district court has discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997).  However, the Ninth

Circuit has held that its holding in <u>Taylor</u> in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." <u>Taylor</u>, 134 F.3d at 988 n.11 Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation. <u>Id.</u>

      Petitioner requests a stay of the proceedings pending the outcome of parole proceedings. Petitioner states he has received a tentative determination that he is suitable for parole. As argued by Petitioner, the instant petition may become moot if the tentative decision is affirmed. Petitioner foresees that a final determination will occur within one hundred and fifty (150) days of the tentative decision. In seeking the instant stay, there is no indication that Petitioner intends to harass or delay; rather, the request appears well-intended. A stay would avoid the unnecessary expense of time, resources and costs by the parties and the Court. Therefore, good cause having been presented and good cause appearing therefor, the Court will stay the proceedings pending the outcome of Petitioner's parole proceedings.

      However, the Court will not indefinitely hold the petition in abeyance. <u>See Taylor</u>, 134 F.3d at 988 n.11. Petitioner must inform the Court no later than thirty (30) days after the date of service of this order of the status of his parole proceedings.[1] Further, Petitioner must file a new status report every sixty (60) days thereafter. After a final decision is reached in his parole proceedings, Petitioner must inform the Court within thirty (30) days of the decision so the Court may lift the stay.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay the petition and hold the exhausted claims in abeyance is GRANTED;
2. The instant petition is STAYED pending the outcome of Petitioner's parole proceedings;
3. Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service of this order advising the court of the status of the parole proceedings;

---

[1] The filing should be titled: "Status Report."

    4.    Petitioner is DIRECTED to file a new status report every sixty (60) days after filing his initial status report; and

    5.    Following the final parole determination, Petitioner must notify the Court within thirty (30) days.

IT IS SO ORDERED.

**Dated:   April 25, 2005**                              **/s/ Sandra M. Snyder**
icido3                                                                    UNITED STATES MAGISTRATE JUDGE