# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHAN LEE DONLEY, | 1:05-cv-00378-AWI-TAG HC |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| PEOPLE OF THE STATE OF CALIFORNIA, | (Doc. 1) |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 14, 2005, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1).

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

A. AEDPA's Statute of Limitations.

The Ninth Circuit has held that a district court may raise the statute of limitations *sua sponte* and dismiss the petition on those grounds. Herbst v. Cook, 260 F.3d 1039, 1042-44 (9th

Cir. 2001) (indicating that once a petitioner is given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal pursuant to AEDPA's statute of limitations, petitioner has the burden of providing an adequate response).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on February 14, 2005; thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

B. The One-Year Statute of Limitations Expired Before Petitioner Filed His First State Habeas Petition.

Here, Petitioner alleges that he was convicted on November 1, 2000. (Doc. 1, p. 2). Also, one of the documents in petitioner's attachments establishes the following chronology:

1     (1) Petitioner was convicted by a jury on November 1, 2000;

2     (2) Petitioner was sentenced on February 6, 2001;

3     (3) Petitioner filed his notice of appeal on February 20, 2001;

4     (4) Petitioner voluntarily moved to dismiss his appeal on November 1, 2001;

5     (5) The California Court of Appeal dismissed the appeal on November 5, 2001;

6     (6) Remittitur issued on November 9, 2001.

7 (Doc. 1, attachments, Ruling on petition for writ of habeas corpus, dated Dec. 15, 2003.).

8     However, there is no tolling pending issuance of a remittitur. Wixom v. Washington, 264

9 F.3d 894, 897 (9th cir. 2001)(tolling does not continue until issuance of the mandate under

10 Washington law because the mandate is not a decision terminating review); White v. Klitzkie,

11 281 F.3d 920, 924 n. 4 (9th Cir. 2002)(entry of mandate under Guam law does not extend tolling);

12 accord Roberts v. Cockrell, 319 F.3d 690 (5th Cir. 2003)(finality occurs with expiration of time

13 for seeking further direct review and not later issuance of the mandate.).

14     Therefore, direct review concluded on November 5, 2001, when the Court of Appeal

15 dismissed petitioner's direct appeal and terminated direct review, not on November 9, 2001,

16 when the remittitur issued. Under such circumstances, absent statutory or equitable tolling, the

17 one-year statute of limitations would have commenced to run on November 6, 2001, and would

18 have expired on November 6, 2002, over a year before the first state habeas proceeding was

19 initiated. 28 U.S.C. § 2244(d)(1).

20     C. <u>Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)</u>

21     Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed

22 application for State post-conviction or other collateral review with respect to the pertinent

23 judgment or claim is pending shall not be counted toward" the one year limitation period.

24 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, 536 U.S. 214 (2002), the Supreme Court held that a

25 petitioner is normally entitled to one "full round" of collateral review in state court without

26 federal interference. While the "full round" is properly in progress, the AEDPA's one-year

27 statute is tolled. Welch v. Carey, 350 F.3d 1079 (9th Cir. 2003); see also Nino v. Galaza, 183

28 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); Welch v. Newland, 267

1  F.3d 1013, 1016 (9th Cir.2001) ("tolled period includes intervals between the disposition of a
2  state court petition and the filing of a subsequent petition at the next state appellate level");
3  Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir.2001) (stating that the "AEDPA's one-year
4  grace period is tolled during the pendency of properly filed state petitions challenging the
5  judgment or claim at issue."); cf. Dils v. Small, 260 F.3d 984, 986 (9th Cir.2001) (Court found no
6  tolling between consecutive filings at the same level); Lewis v. Mitchell, 173 F.Supp.2d 1057,
7  1061 (C.D. Cal.2001) (holding that the interval between a motion for sentence modification in
8  the state superior court and a habeas petition in the superior court was not tolled pursuant to 28
9  U.S.C. § 2244(d)(2)).

10      As stated above, the statute of limitations began to run on November 6, 2001, and expired
11 on November 6, 2002.  Although Petitioner apparently filed two post-conviction collateral
12 challenges in state court regarding his conviction, the two petitions did not operate to toll the
13 statute of limitations here because they were filed after the one-year limitations period had
14 expired.  The first state habeas petition was filed on November 21, 2003, over twelve months
15 *after* the limitations period expired.  (Doc. 1, attachments, Ruling on petition for writ of habeas
16 corpus, dated Dec. 15, 2003).  The second habeas corpus petition was filed subsequent to the first
17 petition, apparently in January or February 2004.  (Doc. 1, attachments, minute order of March 2,
18 2004).[1]  That second petition was denied in the Superior Court on May 11, 2004, in the Court of
19 Appeal on October 22, 2004, and in the California Supreme Court on January 12, 2005.  This
20 petition was filed on February 14, 2005.  (Doc. 1).

21      Thus, petitioner sought to exhaust his state court remedies through the state habeas
22 process.  However, because the limitations period had *already* expired at the time petitioner filed
23 the *first* of his state court habeas petitions, neither of those collateral challenges had any tolling

---

[1] The first state petition was denied on procedural grounds, i.e., the proof of service failed to show that petitioner had served a copy of the petition on an appropriate party. (Doc. 1, attachments, ruling on petition for writ of habeas corpus, Dec. 15, 2003.). Petitioner's attachments do not indicate the precise filing date of the second petition, which was ultimately rejected on the merits on May 11, 2004, but it clearly would have been after the December 15, 2003 denial of the first petition on procedural grounds.

consequences for purposes of the one-year limitation in AEDPA.  <u>Green v. White</u>, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run prior to filing state habeas proceedings); <u>see</u> <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir.2000)(same); <u>Jackson v. Dormire</u>, 180 F.3d 919, 920 (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period.).

    D.  <u>Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(1)(D)</u>

Nor is Petitioner entitled to invoke the statutory tolling provisions of 28 U.S.C. § 2244(d)(1)(D).  Section 2244(d)(1)(D) states that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  The objective standard in determining when time begins to run under Section 2241(d)(1)(D) is "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance."  <u>Hasan v. Galaza</u>, 254 F.3d 1150 (9th Cir.2001), <u>quoting</u>, <u>Owens v. Boyd</u>, 235 F.3d 356, 359 (7th Cir.2000).

In this case, Petitioner knew the important facts or could have discovered the factual predicate for his claims regarding the statute of limitations and ineffective assistance of counsel through due diligence at the time of his direct appeal.  Indeed, Petitioner indicates that he in fact raised these very issues in his direct appeal.  (Doc. 1).  Thus, by Petitioner's own admission, the relevant facts and legal issues were known to Petitioner at the time of his direct appeal and could subsequently have formed the basis for a *timely* filed state habeas corpus petition that would have tolled the running of the one-year statute of limitations.   Petitioner failed to timely file such a petition despite his awareness of the legal and factual bases on which to predicate such a petition.  Hence, Petitioner is not entitled to tolling under 28 U.S.C. § 2241(d)(1)(D).

    E.  <u>Equitable Tolling</u>

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time.  <u>Calderon v. U.S. Dist. Ct. (Kelly)</u>, 163 F.3d 530, 541 (9th Cir. 1998), <u>citing</u>, <u>Alvarez-Machain v. United States</u>, 107 F.3d 696, 701 (9th Cir. 1996), <u>cert denied</u>, <u>Berellez v. Alvarez-Machain</u>, 522

1  U.S. 814 (1997); <u>Calderon (Beeler)</u>, 128 F.3d at 1288 (noting that "[e]quitable tolling will not be
2  available in most cases, as extensions of time will only be granted if 'extraordinary
3  circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When
4  external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely
5  claim, equitable tolling of the statute of limitations may be appropriate." <u>Id.</u>; <u>Miles v. Prunty</u>, 187
6  F.3d 1104, 1107 (9th Cir. 1999).  Therefore, equitable tolling applies <u>only</u> where a petitioner has
7  diligently pursued his claims, but has in some "extraordinary way" been prevented from asserting
8  those claims.

9       Here, Petitioner does not argue that the limitations period should be equitably tolled nor
10 does he provide any explanation for the two-year delay in pursuing a state habeas corpus petition
11 after he had voluntarily terminated his direct review in the California Court of Appeal.
12 Furthermore, the Court can find no reason to equitably toll the limitations period.  Petitioner
13 voluntarily dismissed his direct appeal and did not pursue any other legal remedies in state court
14 for over two years thereafter.   Petitioner provides no excusable explanation for the two year
15 delay between the conclusion of direct review through voluntary dismissal and the filing of his
16 state habeas proceedings.  As there exist no circumstances sufficient to justify equitably tolling
17 the limitation period, the petition is untimely and must be dismissed with prejudice.

18      **RECOMMENDATION**

19      Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be
20 DISMISSED WITH PREJUDICE for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s
21 one year limitation period.

22      This Report and Recommendation is submitted to the United States District Court Judge
23 assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-
24 304 of the Local Rules of Practice for the United States District Court, Eastern District of
25 California.

26      Within thirty (30) days after being served with a copy, any party may file written
27 objections with the court and serve a copy on all parties.  Such a document should be captioned
28 "Objections to Magistrate Judge's Report and Recommendation."  Replies to the objections shall

be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __December 8, 2005__          _____/s/ Theresa A. Goldner_____
j6eb3d                                  UNITED STATES MAGISTRATE JUDGE