# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHAN LEE DONLEY,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE<br>OF CALIFORNIA,<br><br>Respondent. | 1:05-cv-00378-AWI-TAG HC<br><br>ORDER FOR PETITIONER TO SUPPLEMENT OBJECTIONS TO REPORT AND RECOMMENDATION TO DISMISS<br>(Doc. 12) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 14, 2005, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1).

On December 8, 2005, the Magistrate Judge issued a Report and Recommendation recommending that the Petition be dismissed for failure to comply with the one-year statute of limitations in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1). (Doc. 11). The Report and Recommendation gave all parties an opportunity to file objections within 30 days. (Id.).

On December 19, 2005, Petitioner filed objections, asserting that he has suffered from mental illness since 1997. (Doc. 12). Petitioner claimed that during the period of time when AEDPA's one-year statute of limitations ran he "was at the worste [sic] point of [his] illness." (Doc. 12, p. 1). Petitioner also indicated that he was willing to "let the court obtain all my medical records." (Id. at p. 2). In that regard, Petitioner included that names and addresses of several mental health professionals who had records that would, according to Petitioner, support his claims.

1    As the Court explained in the Report and Recommendation of December 8, 2005, the limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. <u>Calderon v. U.S. Dist. Ct. (Kelly)</u>, 163 F.3d 530, 541 (9th Cir. 1998), <u>citing</u>, <u>Alvarez-Machain v. United States</u>, 107 F.3d 696, 701 (9th Cir. 1996), <u>cert denied</u>, <u>Berellez v. Alvarez-Machain</u>, 522 U.S. 814 (1997). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999). Therefore, equitable tolling applies <u>only</u> where a petitioner has diligently pursued his claims, but has in some "extraordinary way" been prevented from asserting those claims.

    Here, by raising the issue of his mental illness, Petitioner is presumably contending that his mental illness was sufficiently debilitating to have prevented him in an "extraordinary way" from asserting his habeas claims in a timely manner.  Apart, however, from his generalized assertion of mental illness and his listing of various mental health professionals, Petitioner has provided no corroborating evidence or further details regarding the nature of his condition, when it arose, and how it might have affected his ability to comply with AEDPA's one-year statute of limitations. Without making such a prima facie showing of entitlement to equitable tolling, the Court is reluctant to withdraw the Report and Recommendation. Nor, as Petitioner implicitly suggests, is the Court in a position to solicit medical reports from the listed mental health professionals regarding these matters. Petitioner has the burden of making at least a colorable showing regarding his entitlement to equitable tolling before the Court will consider withdrawing the Report and Recommendation.

    The Court will permit Petitioner to supplement his objections by providing medical records, letters from mental health professionals, and any other documentation he may have to support his claim of entitlement to equitable tolling.

///
///
///

**<u>ORDER</u>**

Accordingly, the Court HEREBY ORDERS that, within thirty (30) days of the date of service of this Order, Petitioner is required to file a supplement to his objections to the Magistrate Judge's Report and Recommendation.  The supplement should be entitled "Supplement to Objections to Report and Recommendation," and should contain evidence that supports his claim of mental illness and his entitlement to equitable tolling.

IT IS SO ORDERED.

Dated:   **January 9, 2006**                                                 /s/ Theresa A. Goldner
**j6eb3d**                                                                           UNITED STATES MAGISTRATE JUDGE